UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT J. MADDAUS,

        Petitioner,

v.

JERI BOE,

        Respondent.

CASE NO. 3:17-cv-06020-RBL-JRC

ORDER GRANTING MOTION TO STAY AND DENYING MOTION FOR CLARIFICATION

    The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. The petition is filed pursuant to 28 U.S.C. § 2254.

    Before the Court are petitioner's motion to stay (Dkt. 9) and motion for clarification of statutory deadline (Dkt. 10). Because petitioner is still attempting to exhaust his state court remedies, the Court finds it has discretion to order a stay in this case and therefore grants petitioner's motion to stay. However, because the state court has not yet ruled on whether

petitioner's state post-conviction relief was properly filed, the Court cannot yet determine whether equitable tolling applies here and cannot provide petitioner with the statutory deadline he requests. The Court therefore denies petitioner's motion for clarification.

## DISCUSSION

### I.  Motion to Stay

Petitioner requests that the case be stayed in order to finish exhausting his state court remedies, and respondent does not object. The Court ordinarily has the authority to issue stays when such a stay would be a proper exercise of discretion, though this discretion is more limited in federal habeas proceedings. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A district court may stay a petition if: (1) petitioner has "good cause" for failure to exhaust the claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics. *Id*. at 278.

Here, petitioner meets these criteria. He explains that he believes the state court is mishandling his post-conviction relief, leading to the undue delay. *See* Dkt. 9. His claims, if proven true, could warrant relief and, further, respondent does not object to the stay, indicating petitioner is not engaging in dilatory litigation tactics. Because of this, the Court has discretion to grant a stay and the Court does so here.

### II.  Motion for Clarification of Statutory Deadline

In both his motion to stay and motion for clarification, petitioner asks the Court to establish that the time he is currently spending in state court will count towards an equitable toll on his federal habeas petition. A one-year statute of limitations applies to federal habeas petitions. 28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward

any period of limitation [for a habeas petition]." *Id.*, § 2244(d)(2). A state post-conviction review is generally only properly filed if it has been filed in a timely manner. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Here, the state court has not yet ruled on whether petitioner's personal restraint petition is timely. Thus the Court cannot yet determine whether it was properly filed and cannot determine whether equitable tolling applies. The Court agrees with respondent that petitioner's request is premature. Exhaustion is an issue that should be addressed after attempts for state post-conviction relief have been completed. Therefore, the Court denies petitioner's motion for clarification without prejudice.

**CONCLUSION**

For the reasons set forth above, petitioner's motion to stay insofar as he asks the Court to stay the case (Dkt. 9) is granted. His motion to stay insofar as he asks for a finding of equitable tolling (Dkt. 9) and his motion for clarification (Dkt. 10) are denied.

The Court orders that this case be stayed until August 17, 2018.

Respondents are directed to file a report and a motion to extend the stay on or before August 2, 2018 – fourteen days before the stay ends.

Should the state court dismiss petitioner's state post-conviction review or otherwise terminate review, respondent will inform the Court and file a motion to lift the stay within 30 days of the state court's action.

Dated this 20th day of February, 2018.

J. Richard Creatura
United States Magistrate Judge